IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

SHANNON BRUTON, )
)
          Plaintiff, )
)
vs. ) Case No. 16-5036-CV-SW-ODS
)
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
)
          Defendant. )

<u>ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability, disability insurance benefits, and supplemental security income. For the reasons set forth below, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

When determining whether a claimant is disabled, the ALJ employs a five-step process. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Under step three, which is relevant to this Court's decision, the ALJ considers the severity of the claimant's impairment and whether the impairment meets or equals a listed impairment. *Id.* (quoting *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010)); 20 C.F.R. § 416.920(a)(4)(iii). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Id.* at 969 (quoting *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004)) (emphasis in original). The claimant has the burden of proving "his or her impairment meets or equals a listing." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citation omitted).

Plaintiff argues this matter should be reversed and remanded because (1) the ALJ failed to consider whether Plaintiff met or equaled Listing 12.05C, and (2) the ALJ erred in denying Plaintiff's request for an intelligence quotient ("IQ") test to further

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

develop the record and establish he met Listing 12.05C.  Although the ALJ considered Listings 12.04 and 12.06, he did not consider Listing 12.05.  R. at 16-18.  Unlike Listings 12.04 and 12.06, which address depressive, bipolar, anxiety, and obsessive compulsive disorders, Listing 12.05 pertains to intellectual disorders.  Specifically, to meet Listing 12.05C, a person must show "(1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function."  *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006).  Upon remand, the ALJ must consider whether Plaintiff meets or equals Listing 12.05C.

During the hearing before the ALJ, Plaintiff testified he received a high school diploma, but was enrolled in special education classes from fifth grade through twelfth grade, and was unable to read and write English.  R. at 82-85.  Based upon this testimony, Plaintiff's counsel requested the ALJ order an IQ test.  R. at 78-80, 123.  The ALJ took the request under advisement.  In his decision finding Plaintiff was not disabled, the ALJ denied the request for an IQ test.  R. at 13.

"[T]he ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."  *Lott v. Colvin*, 772 F.3d 546, 549 (8th Cir. 2014) (citations omitted).  "Standardized intelligence test results are *essential* to the adjudication of all cases of intellectual disability not covered under the provisions of 12.05A – i.e., listings 12.05B, C, and D."  *Id.* (citations and internal quotations omitted).  Because Plaintiff's IQ has not been evaluated, the ALJ could not make an informed decision as to whether Plaintiff met or equaled Listing 12.05C, which requires a showing that Plaintiff's verbal, performance, or full scale IQ is between 60 and 70.  *Id.* at 551-51 (remanding the case to the Commissioner to order an IQ test and conduct a new hearing to determine whether the claimant met or equaled Listing 12.05C).  Accordingly, upon remand, the ALJ shall order an IQ test.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  May 10, 2017                UNITED STATES DISTRICT COURT